UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND** and its Trustees: **MILTON JONES, ROBERT BLAIR, CARL IVKA, TIMOTHY MELIA, JASON PARADIS, MONRAE BAILEY, MIKE FORTE,** and **DAVID BURNWORTH,**<br><br>2625 Butterfield Road, Suite 208E<br>Oak Brook, IL 60523<br><br>**Plaintiffs,**<br><br>v.<br><br>**ABM AVIATION, INC.,**<br>14141 Southwest Freeway, Suite 477<br>Sugar Land, TX 77478<br><br>Serve: CT Corporation System, Registered Agent<br>208 S. LaSalle St., Suite 814<br>Chicago, IL 60604<br><br>**Defendant.** | Case No. 1:26-cv-1648 |

**COMPLAINT**

Plaintiffs, United Food and Commercial Workers International Union-Industry Pension Fund (the "Fund") and its Trustees (collectively, "Plaintiffs"), by counsel, hereby complain of Defendant ABM Aviation, Inc. ("ABM Aviation" or "Defendant") as follows:

**Introduction**

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.* (1982), and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek a judgment against ABM Aviation for delinquent contributions, interest, liquidated damages, and attorneys' fees and costs incurred by

23201839v14

the Plaintiffs in collecting these amounts related to ABM Aviation's failure to pay contributions required by agreement between ABM Aviation and the United Food and Commercial Workers Local 99 ("Local 99").

## Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

## Parties

4. The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3).

5. Plaintiffs Milton Jones, Robert Blair, Carl Ivka, Timothy Melia, Jason Paradis, Monrae Bailey, Mike Forte, and David Burnworth are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are members of the Fund's Board of Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Oak Brook, Illinois.

6. Defendant ABM Aviation is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12). Upon information and belief, ABM Aviation is a corporation organized under the laws of

the State of Georgia with its principal place of business in Sugar Land, Texas, and operates in the aviation industry. ABM Aviation is registered to conduct business in the State of Illinois.

7. According to Securities and Exchange Commission filings, ABM Aviation, which has subsidiaries around the globe, is itself a subsidiary of ABM Industries Incorporated ("ABM Industries"). *See* https://www.sec.gov/Archives/edgar/data/771497/000162828018015372/abm10312018ex211subsidiari.htm. ABM Industries is publicly traded on the New York Stock Exchange under the ticker "ABM."

**Factual Background**

8. Upon information and belief, Flagship Airport Services, Inc. ("Flagship") performed janitorial services at Phoenix Sky Harbor Airport ("PHX") pursuant to a government contract until Defendant ABM Aviation was awarded a contract to replace Flagship.

9. At all relevant times, until it was replaced by ABM Aviation, Flagship was a party to a collective bargaining agreement ("CBA") with Local 99, a labor organization representing employees in an industry affecting interstate commerce, that governed Flagship's work at PHX.

10. The initial CBA between Flagship and Local 99 set forth the terms and conditions for Local 99 members to perform janitorial services at PHX. Pursuant to this CBA, Flagship was obligated to "make a forty ($0.40) cent contribution into a bona fide pension plan (to be identified by the Union) for all straight time hours worked up to forty (40) per week for employees with two (2) years of seniority." Thus, the CBA did not directly identify the Fund as the pension plan to which Flagship's contributions were to be paid; instead, the CBA only provided that Flagship's pension contributions would be paid into a pension plan to be identified by Local 99.

11. Effective January 1, 2022, Flagship and Local 99 entered into an Addendum to the CBA (the "Addendum"), pursuant to which, *inter alia*, Flagship agreed to pay its pension contributions to the Fund.

12. Flagship's CBA initially only provided that contributions would be paid to the Fund for employees with two years of service (a "2 Year Tunnel"). However, this contribution requirement is inconsistent with the Fund's rules and ERISA's minimum participation rules, which provide that an employee working in a covered job classification only be required to work a maximum of one year of service to be considered a participant eligible to accrue pension benefits (a "1 Year Tunnel"). In this regard, ERISA § 202(a)(1)(A)(ii) provides that "[n]o pension plan may require, as a condition of participation in the plan, that an employee complete a period of service with the employer or employers maintaining the plan extending beyond . . . the date on which he completes 1 year of service." 29 U.S.C. § 1052(a)(1)(A)(ii). The statute goes on to define a "year of service" as meaning "a 12-month period during which the employee has not less than 1,000 hours of service." ERISA § 202(a)(3)(A), 29 U.S.C. § 1052(a)(3)(A). Further, under Department of Labor regulations, "[a] plan may determine service to be credited to an employee on the basis of hours worked . . . if 870 hours worked are treated as equivalent to 1,000 hours of service . . . ." 29 C.F.R. § 2530.200b-3(d).

13. In the Addendum, Flagship agreed to pay its pension contributions to the Fund pursuant to a 1 Year Tunnel to comply with the Fund's rules and ERISA's minimum participation requirements as well as ensure that participants do not suffer a loss of valuable pension benefits.

14. The Addendum further obligated Flagship to make contributions to the Fund consistent with its Agreement and Declaration of Trust ("Trust Agreement"), that contributions not received in the 25th day of the month in which they are due will be considered delinquent, and

that the employer would be assessed additional amounts consistent with the Fund's Delinquency Collection Policy adopted by the Trustees ("Delinquency Policy").

15. As a result of replacing Flagship at PHX, on or about March 21, 2024, ABM Aviation entered into a Memorandum of Understanding with Local 99 (the "MOU") in which ABM Aviation, *inter alia*, agreed to assume Flagship's CBA. Thereafter, ABM Aviation employed employees represented for the purposes of collective bargaining by Local 99.

16. Accordingly, by assuming Flagship's CBA, ABM Aviation assumed Flagship's obligation to make contributions to the Fund as agreed upon by Flagship in its CBA, the Addendum, and all practices established thereunder.

17. Upon information and belief, ABM Aviation had actual or constructive knowledge of the Addendum and the practices established under Flagship's CBA when it agreed to assume the CBA. Further, ABM Aviation as a large national employer knew or reasonably should have known that delaying an employee's participation in the Fund by more than one year would violate ERISA's minimum participation requirements

18. Further, ABM Aviation has effectively acknowledged that it is bound by the Addendum because, since assuming Flagship's CBA, ABM Aviation has consistently paid contributions to the Fund on behalf of some, but not all, of the employees for whom ABM Aviation is obligated to contribute.

19. Despite assuming Flagship's contribution obligations to the Fund, and despite making certain contributions to the Fund consistent with the CBA, Addendum, and practices established thereunder, ABM Aviation has failed and refused to make other contributions and timely report hours for all covered employees to the Fund as required by those same documents and practices.

20. ABM Aviation's delinquent contributions to the Fund take two forms: (a) those that are unrelated to the "Tunnel" issue, as described herein (the "Non-Tunnel Delinquencies"); and (b) those that result from the "Tunnel" issue (the "1 Year Tunnel Delinquencies").

21. Despite demand by the Fund, ABM Aviation has refused to satisfy both the Non-Tunnel Delinquencies and the 1 Year Tunnel Delinquencies.

22. Further, as ABM continues to pay less than the full amount of contributions that it owes to the Fund, the amount of ABM's delinquent contributions will continue to increase. Plaintiff's claims in this case include claims for any amounts that become delinquent, or known to be delinquent, during the pendency of this case.

23. The Delinquency Policy, to which ABM Aviation is contractually bound, requires ABM Aviation to submit monthly remittance reports and pension contributions to the Fund, establishes the Fund's interest rate on delinquent contributions, provides for the Fund to charge interest on late-paid contributions, and calls for the Fund to collect attorneys' fees, costs, and liquidated damages related to collecting a delinquency.

**COUNT ONE: DELINQUENT CONTRIBUTIONS**
**NON-TUNNEL DELINQUENCIES**

24. Plaintiffs incorporate the foregoing Paragraphs as if stated herein.

25. ABM Aviation is obligated to report hours on all covered employees and pay corresponding contributions to the Fund on a monthly basis as required by the CBA, the Addendum, the Trust Agreement, the MOU, and the Delinquency Policy, and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145.

26. Based upon records provided by ABM Aviation, ABM Aviation failed to timely report hours on behalf of all employees covered by the CBA and Addendum in the standard format required by the Fund. As a result, ABM Aviation underreported hours for Fund participants that

6

worked sufficient hours to obtain a contribution from ABM Aviation which in turn jeopardized the ability of employees to receive properly earned benefits from the Fund.

27. Based upon records provided by ABM Aviation, the Fund has identified that ABM Aviation has been delinquent in paying contributions that it owes to the Fund consistent with its obligations under the CBA, Addendum, MOU, Trust Agreement, and Delinquency Policy.

28. Based upon information provided by ABM Aviation, the Fund has calculated that, through October 2025, ABM Aviation has failed to pay certain contributions owed to the Fund for the Non-Tunnel Delinquencies for the months of April 2024 through October 2025 in an amount currently estimated to be $19,071.71.

29. By failing to pay the required contributions owed for the Non-Tunnel Delinquencies for the months of April 2024 through October 2025, ABM Aviation has violated Section 515 of ERISA, 29 U.S.C. § 1145, Section 302 of the LMRA, 29 U.S.C. § 186, and the Trust Agreement.

30. Accordingly, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the LMRA, the CBA, the Addendum, the Trust Agreement, and the Delinquency Policy, ABM Aviation is liable to the Fund for delinquent contributions for the Non-Tunnel Delinquencies estimated to be in the amount of $19,071.71 through October 2025, and any other Non-Tunnel Delinquencies that are unpaid, interest at the Fund's interest rate of 2% above the prime rate from the date the contributions became due and owing until the date paid, in an amount estimated to be at least $2,039.89, with interest continuing to accrue, liquidated damages in an amount that is equal to the greater of the interest on the delinquent contributions or 20 percent of the amount of delinquent contributions, currently estimated to be at least $3,814.34, and reasonable attorneys'

fees and costs incurred by the Plaintiffs in pursuing the delinquent amounts, in an amount to be proved.

## COUNT TWO: DELINQUENT CONTRIBUTIONS
## 1 YEAR TUNNEL DELINQUENCIES

31. Plaintiffs incorporate the foregoing Paragraphs as if stated herein.

32. After entering into the Addendum, and continuing until ABM Aviation assumed its CBA, Flagship paid contributions to the Fund under a 1 Year Tunnel.

33. Thus, the requirement that contributions were owed to the Fund under a 1 Year Tunnel became established practices under the CBA that ABM Aviation assumed and for which ABM Aviation had actual or constructive knowledge when it agreed to assume the CBA.

34. Yet, since it assumed Flagship's CBA, and despite demand by the Fund, ABM Aviation has failed and refused to pay contributions to the Fund on behalf of those employees who would qualify under a 1 Year Tunnel.

35. By failing to pay contributions after an otherwise eligible employee completes one year of service, ABM Aviation jeopardizes the ability of its employees to receive the full pension benefits to which they are entitled for the work they perform, particularly the janitorial services for ABM Aviation at PHX.

36. Based upon information provided by ABM Aviation to the Fund, the Fund has calculated that, for the months of April 2024 through October 2025, ABM Aviation is estimated to owe $40,136.72 in principal delinquent contributions for the 1 Year Tunnel Delinquencies.

37. By failing to pay the required contributions owed for the 1 Year Tunnel Delinquencies, ABM Aviation has violated Section 515 of ERISA, 29 U.S.C. § 1145, Section 302 of the LMRA, 29 U.S.C. § 186, and the Trust Agreement.

23201839v14

38. Accordingly, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the LMRA, the CBA, the Addendum, the Trust Agreement, and the Delinquency Policy, ABM Aviation is liable to the Fund for delinquent contributions for the 1 Year Tunnel Delinquencies estimated to be in the amount of $40,136.72 through October 2025, and any other 1 Year Tunnel Delinquencies that are unpaid, interest at the Fund's interest rate of 2% above the prime rate from the date the contributions became due and owing until the date paid, in an amount estimated to be at least $4,227.71, with interest continuing to accrue, liquidated damages in an amount that is equal to the greater of the interest on the delinquent contributions or 20 percent of the amount of delinquent contributions, currently estimated to be at least $8,027.34, and reasonable attorneys' fees and costs incurred by the Plaintiffs in pursuing the delinquent amounts, in an amount to be proved.

### Prayer for Relief

**WHEREFORE**, Plaintiffs request the following relief:

A. Enter judgment against Defendant and in favor of Plaintiffs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the following amounts:

(1) Delinquent contributions for the Non-Tunnel Delinquencies, currently estimated to be in the amount of $19,071.71 through October 2025, and any other Non-Tunnel Delinquencies that are unpaid; and

(2) Interest on the Non-Tunnel Delinquencies at the Fund's interest rate of 2% above the prime rate accruing from the date the contributions became due and owing until the date paid, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), in an amount of at least $2,039.89; and

23201839v14

    (3) Liquidated damages on the Non-Tunnel Delinquencies equal to the greater of the interest on the delinquent contributions or 20 percent of the delinquent contributions, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), in an amount of at least $3,814.34; and

    (4) Delinquent contributions for the 1 Year Tunnel Delinquencies, currently estimated to be in the amount of $40,136.72 through October 2025, and any other 1 Year Tunnel Delinquencies that are unpaid,; and

    (5) Interest on the 1 Year Tunnel Delinquencies at the Fund's interest rate of 2% above the prime rate accruing from the date the contributions became due and owing until the date paid, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), in the amount of at least $4,227.71; and

    (6) Liquidated damages on the 1 Year Tunnel Delinquencies equal to the greater of the interest on the delinquent contributions or 20 percent of the delinquent contributions, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), in an amount of at least $8,027.34; and

    (7) Attorneys' fees and other costs incurred by Plaintiffs in the collection of delinquent contributions, including the attorneys' fees and costs in this action, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); and

  B. Restrain and enjoin Defendant and all persons acting on its behalf or in conjunction with it from failing or refusing to pay to the Plaintiffs all amounts, including contributions, interest, liquidated damages, and costs due to the Fund for which Defendant is obligated to make payments under the terms of the Agreement; and

  C. Retain jurisdiction of this case pending compliance with its Orders; and

      D.      Grant such other and further relief as the Court may deem just.

Dated: February 13, 2026         Respectfully submitted,

                                      /s/ *Christopher M. Leins, with consent*
                                      Christopher M. Leins, Esq. (Bar No. 997257)
                                      Richard S. Siegel, Esq. (Bar No. 984943)
                                      SLEVIN & HART, P.C.
                                      1300 Connecticut Ave., N.W., Suite 700
                                      Washington, D.C. 20036
                                      (202) 797-9700
                                      (202) 234-8231 (facsimile)

                                      /s/ *David Huffman-Gottschling*
                                      David Huffman-Gottschling, Esq. (Bar No. 06269976)
                                      Charles P. Burns, Esq. (Bar No. 06317003)
                                      JACOBS, BURNS, ORLOVE & HERNANDEZ, LLP
                                      1 N. La Salle St., Ste. 1620
                                      Chicago, IL 60602
                                      (312) 327-3443
                                      *Counsel for Plaintiffs*

      A copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

23201839v14